IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANE A. KITTERMAN, <br> # B80577, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| vs. | )    Case No. 16-cv-01099-MJR <br> ) |
| JOHN BARICEVIC <br> and BRENDAN KELLY, | ) <br> ) <br> ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

     Plaintiff Shane Kitterman is currently incarcerated at Big Muddy River Correctional Center ("Big Muddy") following three convictions for failing to register as a sex offender in St. Clair County Circuit Court Case Nos. 12-CF-1204, 14-CF-1422, and 15-CF-373.[1] In the instant "Complaint for Specific Performance of a Contract" that he filed pursuant to 42 U.S.C. § 1983, Kitterman insists that he was not obligated to register as a sex offender in 2012, 2014, or 2015 (Doc. 1). His obligation, which stemmed from a 1995 charge of aggravated criminal sexual abuse and resulted in a 1996 negotiated plea agreement, ended long before 2012 (Doc. 1, pp. 2-4). However, Kitterman was unable to present evidence of his 1996 plea agreement in the three criminal matters because the State's Attorney, Brendan Kelly, and the Chief Judge of the St. Clair County Circuit Court, Honorable John Baricevic, barred all evidence of the agreement from those proceedings (*id*. at 3-4).

---

[1] *See* https://www.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited Oct. 26, 2016). *See United States v. Basher*, 629 F.3d 1161, 1165 n. 2 (9th Cir. 2011) (a court may take judicial notice of information that is available to the public). *See also Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

Kitterman now asserts claims against Attorney Kelly and Chief Judge Baricevic for breach of contract and due process violations arising from the exclusion of this evidence from Kitterman's criminal proceedings (*id*. at 2-4). Kitterman requests monetary damages against both defendants (*id*. at 4). He also seeks injunctive relief, in the form of "specific performance" of the 1996 plea agreement (*id*.).

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts

"should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). After carefully considering the allegations, the Court finds that the Complaint does not survive review under § 1915A and shall be dismissed.

## The Complaint

On or around July 17, 1995, Kitterman was allegedly arrested and charged with criminal sexual abuse in the City of Belleville, Illinois (Doc. 1, pp. 2, 7). He entered into a negotiated plea agreement with the State's Attorneys, Robert Haida and Steve Sallerson, on January 10, 1996. In exchange for a reduction in the offense, Kitterman agreed to "Intensive Probation" until the period of probation expired *or* the period of probation was terminated (*id*. at 2, 10-12). The parties agreed that early unsuccessful termination of the probation period "may" subject Kitterman to incarceration in an Illinois prison for an indefinite period of time (*id*. at 2). The parties also agreed that the Illinois Sex Offender Registration Act ("SORA"), 730 ILCS 150/1, *et seq*., controlled the agreement (*id*. at 3). Between January 10, 1996 and March 6, 1997, Kitterman alleges that he "demonstrated substantial performance of the terms of the contract" (*id*.).

On March 6, 1997, Kitterman appeared in the St. Clair County Circuit Court with his "agent," Ethan Skaggs. At a hearing before Honorable Jan Fiss, the parties agreed that Kitterman "would be relieved of the duty to comply with the direction of a probation officer and the duties created thereby" (*id*.). Kitterman claims that he was also relieved of the duty to comply with SORA (*id*.).

Even so, in 2012, 2014, and 2015, the State's Attorney, Brendan Kelly, "attempted to enforce the terms of the contract" by placing Kitterman "under unlawful restraint" for "matters alleged to relate to the 1996 contract" (*id*. at 3-4). Kitterman claims that Attorney Kelly should have known at the time that Kitterman was under no obligation to comply with SORA. He nevertheless conspired with Chief Judge Baricevic to exclude evidence of the 1996 plea agreement from Kitterman's criminal proceedings (*id*.). In order to "conceal his unlawful conduct and prevent the discovery of the breach of contract, Defendant Kelly [allegedly] employed . . . Defendant Baricevic, pursuant to his authority as a Chief Judge, to legally (sic) confine the Plaintiff to an Illinois Prison for nine (9) years" (*id*. at 4). This conduct amounted to a breach of contract and violation of Kitterman's procedural and substantive due process rights (*id*.).

## Discussion

Kitterman brings a claim for breach of contract (**Count 1**) and for procedural and substantive due process violations (**Count 2**) against the defendants. Neither claim passes muster. Accordingly, Counts 1 and 2 shall be dismissed.

The contract claim (**Count 1**) clearly predominates in this action. Kitterman entitles his pleading "Complaint for Specific Performance of a Contract" (Doc. 1, p. 1). He refers to the 1996 plea agreement as a "contract," alleges that the defendants are bound by its terms, and seeks "specific performance" of it.

Breach of contract claims arise under state law, not federal law. The Seventh Circuit has long held that, even where a unit of state or local government has breached a contract, such a breach does not give rise to a federal constitutional claim. *Taake v. County of Monroe*, 530 F.3d 538, 540-42 (7th Cir. 2008); *Garcia v. Kankakee Cnty Hous. Auth.,* 279 F.3d 532, 535 (7th Cir.

2002); *Sudeikis v. Chicago Transit Auth.,* 774 F.2d 766, 770 (7th Cir. 1985). Because contract law is a creature of state law, an action focusing only on a claim for breach of contract belongs in state court. *See IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union,* 512 F.3d 989, 991-92 (7th Cir. 2007).

This Court can exercise supplemental jurisdiction over state supplemental claims, such as the breach of contract claim, where the district court has original jurisdiction over the civil action, and the state claims "derive from a common nucleus of operative fact" with the original federal claims. *See* 28 U.S.C. § 1367(a); *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995)). However, where the district court determines that a plaintiff cannot maintain a § 1983 claim, "the usual practice is to dismiss without prejudice state supplemental claims." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999).

Against this backdrop, the Court turns to Kitterman's claim against the defendants for due process violations (**Count 2**). Kitterman asserts that his substantive and procedural due process rights were violated when the defendants made the decision to exclude evidence of his 1996 plea agreement from the 2012, 2014, and 2015 cases and to imprison him for nine years (Doc. 1, p. 4). He offers little more than bald assertions and conclusory legal statements in support of this claim. The Supreme Court in *Iqbal* and the Seventh Circuit in *Brooks* acknowledged that "abstract recitations of the elements of a cause of action or conclusory legal statements" fail to state a claim upon which relief may be granted. *Brooks*, 578 F.3d at 581 (citing *Iqbal*, 556 U.S. at 678). Unsupported assertions of this nature fail to nudge a claim from the realm of "possibility" to "plausibility," as required to state a claim upon which relief may be

granted.  *See Twombly*, 550 U.S. at 570.  It is not necessary to offer Kitterman an opportunity to more fully develop the factual allegations in support of this claim.  Amendment of the Complaint would be futile in this case.

Judges enjoy absolute immunity from § 1983 suits for damages when they act within their judicial jurisdiction.  *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Forrester v. White*, 484 U.S. 219, 225-29 (1988); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001). The Supreme Court has recognized only two instances in which judicial immunity is inapplicable.  First, a judge "is not immune from liability for non-judicial actions *i.e.*, actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions though judicial in nature, are taken in the complete absence of all jurisdictions."  *Mireles*, 502 U.S. at 11. Put differently, judicial immunity serves as an absolute defense for state court judges in civil rights actions for damages when: (1) the act was judicial rather than ministerial or administrative in nature; and (2) the judge had jurisdiction over the subject matter of the case in which the action was taken.  *Stump v. Sparkman*, 435 U.S. 349 (1978); *Lowe v. Letsinger*, 772 F.2d 308 (7th Cir. 1985).

Kitterman's claim against Chief Judge Baricevic arises from an evidentiary decision that the judge made during each of his criminal proceedings.  Kitterman offers no allegations suggesting that the decision was made in the "complete absence of all jurisdictions."  *Mireles*, 501 U.S. at 11.  On the contrary, decisions regarding the admissibility of evidence are well within the jurisdiction of a judge presiding over a criminal matter.  If Kitterman wishes to challenge the decision, he must file a direct appeal in each of his criminal proceedings. Regardless of the outcome of his appeal, however, Chief Judge Baricevic is absolutely immune from civil suit under § 1983.

Kitterman's claim against Attorney Kelly is even weaker. As a threshold matter, the Court questions whether this claim is duplicative of claims that Kitterman already raised against the same defendant in another § 1983 action[2] that is now pending in this District ("first § 1983 action"). The Court recognizes that Kitterman filed a Motion to Dismiss this defendant in his first § 1983 action. However, the Motion to Dismiss is still pending. Kitterman's claims against this defendant may be subject to dismissal on this basis alone.

There are other reasons for dismissing this claim against Attorney Kelly. For example, Kitterman fails to explain how Attorney Kelly made the decision to exclude his 1996 plea agreement as evidence in the 2012, 2014, and 2015 criminal proceedings. Judges, not attorneys, make decisions regarding the admissibility of evidence. And, without any personal involvement in a constitutional violation, there is no claim. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted).

Kitterman more likely objects to the fact that Attorney Kelly pursued charges against him in the first place or asked the Court to exclude evidence of the 1996 plea agreement, or both. Regardless, the claim fails. Attorney Kelly is identified as the State's Attorney (Doc. 1, p. 1). While acting within the scope of his duties in initiating and pursing a criminal prosecution and in presenting the State's case, Attorney Kelly is absolutely immune from a civil suit for damages under § 1983. *See Imbler v. Pachtman*, 424 U.S. 409 (1976). In *Imbler*, the Supreme Court explained:

---

[2] Prior to filing this second § 1983 action on September 29, 2016, Kitterman filed a Motion to Dismiss Brendan Kelly from the first § 1983 action on May 20, 2016. *See Kitterman v. Director, et al.*, No. 16-cv-00014-SMY (S.D. Ill. Jan. 6, 2016) (*see* Doc. 21). Kitterman did not await a ruling on that motion before pursuing the same claims against Defendant Kelly in this action.

> The common-law immunity of a prosecutor is based upon the same considerations that underlie the common-law immunities of judges and grand jurors acting within the scope of their duties. These include concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust.

*Id*. at 422-23. The Supreme Court went on to find that "the same considerations of public policy that underlie the common-law rule likewise countenance absolute immunity under § 1983." *Id*. at 423. Kitterman offers no allegations which suggest that absolute immunity is inapplicable here.

Both defendants are absolutely immune from a civil suit for damages under § 1983. **Count 2** shall therefore be **DISMISSED with prejudice** against Chief Judge Baricevic and Attorney Kelly. Absent a viable federal claim, the Court declines to exercise supplemental jurisdiction over Kitterman's breach of contract claim, and **Count 1** shall be **DISMISSED without prejudice** to Kitterman pursuing relief in Illinois state court.

### Pending Motions

Kitterman's Motions for Preliminary Injunction (Docs. 2, 9) and Motion for Emergency Hearing (Doc. 10), all of which relate to his state law claim, are hereby **DENIED** as **MOOT**.

Kitterman's Motion for Service of Process at Government Expense (Doc. 5) is also **DENIED** as **MOOT**.

### Disposition

**IT IS HEREBY ORDERED** that the Complaint (Doc. 1) is **DISMISSED** with prejudice.

**IT IS ORDERED** that **COUNT 1** is **DISMISSED without prejudice** to Kitterman pursuing relief in state court, and **COUNT 2** is **DISMISSED with prejudice** on immunity grounds.

**IT IS FURTHER ORDERED** that Defendants **JOHN BARICEVIC** and **BRENDAN KELLY** are **DISMISSED** with prejudice from this action. The Clerk is **DIRECTED** to **TERMINATE** them as defendants in CM/ECF.

Kitterman is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Kitterman's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Kitterman wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Kitterman plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Kitterman does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Kitterman may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: 10/31/2016**

<u>s/ MICHAEL J. REAGAN</u>
**U.S. Chief District Judge**
